IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Kareem M. Mazyck,
    Plaintiff,    No. 2:22-CV-01182

vs.

George M. Little, Secretary;    JURY TRIAL DEMANDED
C/O Neil
    Defendants

RECEIVED
NOV 07 2022
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## AMENDED COMPLAINT

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over these claims pursuant to 28 U.S.C. Section 1331.

2. Plaintiff's claims are authorized by 42 U.S.C. Section 1983 and 42 U.S.C. § 2000cc-1.

3. Venue is appropriate in the District's Western Region pursuant to 28 U.S.C. Section 1391(b) because the State Correctional Institution (Hereinafter, "SCI") at Fayette, where the incidents giving rise to these claims occurred, is located in the Fayette County section of Pennsylvania. See 28 U.S.C. § 118.

### II. PARTIES

4. Plaintiff, Kareem M. Mazyck was at all times relevant to this complaint an individual incarcerated under the care, custody and control of the Pennsylvania Department of Corrections (Hereinafter, "DOC") at SCI Fayette.

1

5. Defendant George M. Little at all times relevant to the complaint was/is the Secretary of the DOC and is responsible for the creation of policies, procedures, Rules, Ethics, care, custody and control within the DOC and he is being sued in his Official Capacity for Injunction reasons and individually and can be located @ 1920 Technology Parkway Mechanicsburg, PA 17050.

6. Defendant Neil is/was a Correctional One at all times relevant to the Complaint and is responsible for the care, custody and Control of Inmate's @ SCI-Fayette's STGMU and is being sued in his individual Capacity and can be located at 50 Overlook Drive, Labelle, PA 15450.

7. All the Defendants have acted, and continue to act under color of state law at all times relevant to this complaint.

III  FACTS - COUNT 1 RLUIPA

8. On May 19, 1998 Plaintiff took his shahada i.e. a attestation that there is no God but ALLAH and Muhammad is his Prophet) this public profession was made in Fishskill, New York at Down State Correctional Facility.

9. The Plaintiff sincerely believes it is impermissible for him to expose his awrah to another man because Prophet Muhammad said, "[L]et not a man look at another man's awrah or nakedness."

2

10. Plaintiff signed up for the shower on the 2-10 shift and upon Defendant Neil coming to his cell door on June 18, 2022 he explained that as Muslim male he must cover himself from his navel to his knee cap the boundaries of the awrah.

11. Defendant Neil said: "this is the gang unit NOT the middle East so you either come out in your boxers with your towel around your shoulders or you're burnt!"

12. Defendant Neil then came to Plaintiff's cell with a John Doe c/o 1 conducted the strip search as Plaintiff pleaded with him that there's a homosexual male on the pod inwhich he asked: "Who?" Whereas Plaintiff responded "I don't want to start anything by putting the person name out." and Defendant Neil said: "Don't worry I'm sure the guy seen other men before, now if you don't cuff up now you're not getting a shower." Plaintiff asked "Why does transgender inmates get to wear a T-shirt?" Defendant Neil said: "Cause they have a right to, if you want to wear a T-shirt be a transgender now lets GO!"

13. Defendant Little, as the official policy maker, has implemented state wide polices, requiring all inmates to be searched and stripped naked before leaving out of a cell in all L-5 housing units in the DOC according to 6.5.1.

3

14. Plaintiff was so emotionally distressed he asked Defendant Neil could he speak to a psychologist, but was told nobody was here to speak with him.

15. The DOC receives federal funding for religious groups and SCI-Fayette is a Facility/Institution within the DOC that receives portions of those federal funds.

16. Plaintiff complies with the strip search procedures to leave his cell for yard, thirty day review and medical visits and is fully clothed upon leaving the cell i.e. underwear (T-shirt, Boxers and Socks) jumpsuit and crocs or state issued boots.

17. Defendant Little's policy and procedure serves no legitmate penological interest by forcing plaintiff to come out of his cell in a pair of underwear i.e. (Boxers) with only a towel around his neck to attend showers then do the same upon return in wet white see through boxers.

## COUNT II EQUAL PROTECTION

18. Plaintiff repeats and reasserts paragraphs 8-17 as though fully set forth herein.

4

19. Defendants Neil and Little enforced a procedure on Plaintiff because he was not transgender ultimately making him go to the shower revealing his awrah when other L-5 housing unit inmates that are identified as transgender can cover up.

20. Defendant Neil knew his actions of forcing Plaintiff to either come out in underwear, shower shoes and a towel around his neck was done maliciously and had nothing to do with security because he escorts similarly situated prisoners that identify as transgender to the shower with a T-shirt @ SCI-Fayette.

21. Defendant Little knows that Plaintiff is no more a threat than a person who identifies as transgender and his practice or procedure of strip search before leaving a L-5 Housing Unit cell allows a direct check on any security matter before being handcuffed behind the back through 6 cell door slot.

22. Defendant Little intentionally deprive plaintiff of access to the showers in a L-5 Housing unit without infringing upon his religious beliefs as a Muslim.

23. Defendant Little is responsible for the creation of the 6-5-1 policy that advocates a direct discrimination between Plaintiff and a transgender

5

24. The Restricted Housing Unit (RHU) is the Level Five Housing unit and the STGMU just like the SRTMU, BMU and IMU are program based L-5 units with no more or less dangerous people than the next, but all are at male institutions where transgender inmates are housed as well.

## COUNT III FIRST AMENDMENT

25. Plaintiff repeats and reasserts paragraphs 8-17 and 19-24 as though fully set forth herein.

26. Plaintiff has explained his faith to Defendants formally and informally as a muslim but the enforcement of a policy that doesn't further an important government interest when it only targets non-transgender inmates but doesn't address non-binary etc.

27. Defendant Little's 6.5.1 doesn't allow Plaintiff to practice his faith by not exposing his awrah in front of woman, and other inmates but forces him not to receive the same access to three (3) showers a week like any other L-5 housing inmate that's not a Stability Code "D".

28. The ban on non-transgender inmates such as Plaintiff from wearing a T-shirt to the shower deprives Plaintiff of full cleanliness despite not interfering with regular operation of the DOC.

6

29. Plaintiff has only been informed by Defendant Neil's supervisors in the past if he identifies as transgender he'll be allowed his T-shirt.

30. Defendant Little knows that if he allowed Plaintiff and other Muslim inmates to wear a T-shirt to the shower with towel draped from underwear line to cover knees wouldn't require more security i.e. staff or need funding to implement such since the DOC's Level Five Housing Units already accommodate transgender inmates.

31. Plaintiff attempted to resolve this matter through the inmate grievance system but received unfavorable responses at each stage.

IV. CLAIMS FOR RELIEF

32. Plaintiff repeats and reasserts paragraphs 8-31 as though fully set forth herein.

33. The actions of Defendants Little and Neil in substantially burdening Plaintiff's Religious Exercise by imposing the most restrictive way he could attend showers in exposing his nakedness violated 42 U.S.C.A. §2000 cc-1(a) of RLUIPA when other inmates was being accommodated with T-shirts to attend showers.

7

34. The actions of Defendants Neil and Little of intentionally denying him of access to a L-5 shower with a T-shirt because he was not transgender violated the Class of One theory of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

35. The actions of Defendants Little and Neil in substantially burdening his sincere beliefs as a muslim was done against the Plaintiff when he's forced to attend showers in his boxers with just a towel around his neck to act in a way that violates his religious beliefs which constituted prohibiting the Free Exercise of Religion in violation of the First Amendment of the U.S. Constitution.

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. ISSUE A DECLATORY JUDGMENT stating that:
1. The restrictive denial of not allowing Plaintiff to wear his T-shirt with a towel covering his awrah violated his sincere beliefs as a muslim under the RLUIPA Laws

2. Defendants Little and Neil's actions in discriminating on Plaintiff because he was not transgender and exposing his nakedness violated the Equal Protection Clause.

8

B. Award Compensatory Damages in the amount of:

1. $10,000.00 jointly and severally against Defendants Little and Neil Intentional discrimination on Plaintiff

2. $10,000.00 jointly and severally against Defendants Little and Neil For Knowingly hindering Plaintiff's free Exercise of his Religion.

C. Award Puntive Damages In the following Amounts:

1. $15,000.00 jointly and severally against Defendants Little and Neil

D. Trial by Jury on all Issues triable

E. Grant Plaintiff attorney fees and costs pursuant to 42 U.S.C. § 1988(b)

F. Award any other relief this Court deems just and fair.

Date: November 2, 2022

Respectfully Submitted,
Kareem M Mazyck
Kareem M. Mazyck NW3714
SCI-Fayette
50 Overlook Drive
Labelle, PA 15450

9

## CERTIFICATE OF SERVICE

I, Kareem M. Mazyck pro se do hereby certify that a true and correct copy and original Motion for leave to file Amended Complaint with Amended Complaint was served via first class mail by depositing such in SCI-Fayette L-B pod mailbox on 6-2 shift this 2nd day of November 2022 to:

Matthew C. Gill (COPY)
Deputy Attorney General
Office of Attorney General
Litigation Section
1521 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

CLERK'S OFFICE
United States District Court
700 Grant Street, Rm 3110
Pittsburgh, PA 15219
(ORIGINAL)

Respectfully Submitted,
Kareem M. Mazyck
Kareem M. Mazyck NW3714
SCI-Fayette
50 Overlook Drive
Labelle, PA 15450